OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 26, 1999

The Honorable Ken Oden
Travis County Attorney
P.O. Box 1748
Austin, Texas 78767

Opinion No. JC-0008

Re: Whether section 15(g) of the Bail Bond Act, TEX. REV. CIV. STAT. ANN. art. 2372p-3 (Vernon Supp. 1999), prohibits an attorney from advertising in the Bail Bond section of the telephone book yellow pages (RQ-1219)

Dear Mr. Oden:

On behalf of your office and the Travis County Bail Bond Board, you ask whether section 15(g) of the Bail Bond Act, TEX. REV. CIV. STAT. ANN. art. 2372p-3 (Vernon Supp. 1999) (the "Act"), which prohibits persons who are not licensed under the Act from advertising as bondsmen, bars an attorney from advertising in the Bail Bond section of the telephone book yellow pages. We address only strictures of the Act. We do not address any other statutory provisions or rules that may govern attorney advertising, such as the Texas Disciplinary Rules of Professional Conduct. As explained below, attorneys acting pursuant to section 3(e) of the Act, which excepts attorneys from the Act's licensing requirements and permits them to execute bail bonds in certain limited circumstances, do not act as bondsmen within the meaning of the Act. An attorney who merely advertises services he or she is authorized to provide under section 3(e) does not advertise as a bondsman contrary to section 15(g). For this reason, section 15(g) does not preclude an attorney from advertising in the Bail Bond section of the telephone book yellow pages as a matter of law. Some advertisements may run afoul section 15(g) as a matter of fact. The determination whether a particular advertisement violates section 15(g), however, involves fact questions and is beyond the scope of an attorney general opinion.

In counties subject to the Act, no person may act as a bondsman except a person who is licensed under the Act or, significantly, a person who is licensed to practice law in Texas who satisfies the requirements of section 3(e) of the Act. *See id.* § 3(a). Section 3(e) provides a very limited exception for attorneys who are not licensed under the Act to execute bail bonds for their clients:

> Persons licensed to practice law in this state may execute bail bonds or
> act as sureties *for persons they actually represent in criminal cases* without
> being licensed under this Act, but they are prohibited from engaging in the
> practices made the basis for revocation of license under this Act and if found

by the sheriff to have violated any term of this Act, may not qualify thereafter under the exception provided in this subsection unless and until they come into compliance with those practices made the basis of revocation under this Act.

*Id.* § 3(e) (emphasis added). Thus, an attorney in a county subject to the Act who is not licensed as a bondsman may not execute a bail bond for a person who is not his or her client. *See* Tex. Att'y Gen. LO-93-63 (attorney may execute bail bond for person who is not his or her client only if attorney is licensed as bondsman). Section 15(g), the provision at the heart of your query, provides that "[n]o person may advertise as a bondsman who does not hold a valid license under this Act." TEX. REV. CIV. STAT. ANN. art. 2372p-3, § 15(g) (Vernon Supp. 1999). A violation of section 15(g) is a Class C misdemeanor. *Id.* § 15(j).

You ask about the application of section 15(g) to attorneys who execute bail bonds or act as sureties under section 3(e). We understand that the Travis County Bail Bond Board has been urged to disqualify all such attorneys who have run advertisements in the Bail Bond section of the telephone book yellow pages. Pending this opinion, you have advised the board that an attorney who is not licensed as a bondsman may advertise in the Bail Bond section of the telephone book yellow pages if the advertisement contains the following disclaimer:  "Permitted by law to execute bail bonds for persons actually represented in criminal cases." Briefs submitted to this office suggest that section 15(g) precludes an attorney from advertising in the Bail Bond section of the telephone book yellow pages as a matter of law. We disagree that section 15(g) can be read this broadly.

Significantly, section 15(g) provides that "[n]o person may advertise as a *bondsman* who does not hold a valid license under this Act." *Id.* § 15(g) (emphasis added). The term "bondsman" is defined by the Act to mean "any person who *for hire or for any compensation* deposits any cash or bonds or other securities, or executes as surety or cosurety any bond for other persons." *Id.* § 2(2) (emphasis added). An attorney who executes a bail bond or acts as surety for a person the attorney actually represents in a criminal case as permitted by subsection 3(e) does not fall within the definition of the term "bondsman" because the attorney does not execute the bond or act as surety "for hire or for any compensation." Under section 3(e), an attorney is permitted to execute a bond only for a client the attorney "actually represent[s] in [a] criminal case[]," *id.* § 3(e); the execution of the bond must be merely ancillary to the representation. The section 3(e) exception does not permit an attorney to receive compensation merely for executing a bond. While an attorney operating under section 3(e) may be compensated for representing the client, the fact that an attorney is compensated for representing the client in the criminal case does not make the attorney a "bondsman" for purposes of the Act. In sum, an attorney properly acting pursuant to section 3(e) does not act as a bondsman within the meaning of the Act.

Because an attorney properly acting pursuant to section 3(e) does not act as a bondsman, an attorney who merely advertises a service he or she is authorized to provide under section 3(e) does

not advertise as a bondsman contrary to section 15(g). Section 3(e) permits an attorney to execute bail bonds for clients. Thus, an advertisement does not cross over the line drawn by sections 3(e) and 15(g) merely because it appears in the Bail Bond section of a telephone book yellow pages. On the other hand, we do not believe that an advertisement that otherwise crosses over this line is necessarily saved by a disclaimer such as the one you have suggested. Ultimately, however, the determination of whether a particular advertisement impermissibly advertises services for which a bail bond license is required or merely advertises a service excepted from licensure by section 3(e) would involve fact questions and is therefore beyond the scope of an attorney general opinion.[1]

Finally, we note that the bail bond board in your county may have been advised that it is authorized to take action against attorneys that it determines have violated section 15(g) of the Act. The board lacks such authority. Section 15 of the Act sets forth various acts that are subject to prosecution as misdemeanors; it does not vest any special enforcement authority in county bail bond boards. Furthermore, section 3(e) provides that attorneys who execute bail bonds for clients "are prohibited from engaging in the practices made the basis for revocation of license under this Act and if found *by the sheriff* to have violated any term of this Act, may not qualify thereafter under the exception provided in this subsection unless and until they come into compliance with those practices made the basis of revocation under this Act." *Id.* § 3(e) (emphasis added).[2] Section 3(e)

---

[1]*See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-383 (1996) at 2 (questions of fact are inappropriate for opinion process), DM-98 (1992) at 3 (questions of fact cannot be resolved in opinion process), H-56 (1973) at 3 (improper for Attorney General to pass judgment on matter that would be question for jury determination), M-187 (1968) at 3 (Attorney General cannot make factual findings).

[2]Section 9(b) of the Act provides the following bases for license revocation:

(1) violation of a provision of this Act or a rule prescribed by the board during the term of the license sought to be suspended or revoked or during any prior licensing period;

(2) fraudulently obtaining a license under the provisions of this Act, making a false statement or misrepresentation in an application for an original or renewal license or in any hearing before the board, or refusing to answer any question submitted by the board in a hearing relevant to the license or the conduct or qualifications of the licensee or applicant;

(3) final conviction under the laws of this or any other state or of the United States of a misdemeanor involving moral turpitude or of a felony committed after the effective date of this Act;

(4) being adjudged bankrupt or becoming insolvent;

(5) being adjudged mentally incompetent;

(6) failing to pay within 30 days any final judgment rendered on any forfeited bond in any court of competent jurisdiction within the county of the licensee;

(7) paying of commissions or fees or dividing commissions or fees or offering to pay

(continued...)

of the Act vests the authority to determine whether an attorney is eligible to execute a bail bond under section 3(e) in the sheriff. A county bail bond board is not authorized to make this determination. *See* Tex. Att'y Gen. Op. No. JM-901 (1988) at 3 (concluding that determination of attorney's compliance with article 2372p-3 for purposes of section 3(e) is matter for sheriff, not bail bond board); *see also* Tex. Att'y Gen. Op. No. DM-483 (1998) at 5 (stating that 1981 amendments to Act indicate that legislature intends sheriffs to exert authority over bonds executed by attorneys under section 3(e)). For this reason, the determination whether a particular advertisement impermissibly advertises services for which a bail bond license is required or merely advertises a service excepted from licensure by section 3(e) is within the authority of the county sheriff[3] and is beyond the authority of a bail bond board.

---

[2](...continued)

or divide commissions or fees with any person, company, firm, or corporation not licensed under this Act to execute bonds;

(8) soliciting bail bond business in any building where prisoners are processed or confined;

(9) recommending to any client the employment of a particular attorney or firm of attorneys in a criminal case;

(10) falsifying any records required to be maintained under this Act, failing to keep the records, or failing promptly to permit the inspection of the records at any time requested by the board or its representatives or agents;

(11) operating as a bondsman while the license is suspended or after it has expired and before it is renewed; and

(12) on more than one occasion failing to maintain the minimum amount of security required by this Act or misrepresenting to any official or employee of the official the limit supported by the amount of security to obtain the release of any person on bond.

TEX. REV. CIV. STAT. ANN. art. 2372p-3, § 9(b) (Vernon Supp. 1999); *see also* Tex. Att'y Gen. Op. No. DM-483 (1998) at 5-6 & n.17 (discussing applicability of bases for bail bond license revocation to attorneys who act under section 3(e) exception).

[3]For a discussion of limitations on the authority of a sheriff to disqualify an attorney from executing bonds under section 3(e), *see Price v. Carpenter*, 758 F. Supp. 403, 406 (N.D. Tex. 1991) (holding that attorneys' entitlement to execute bail bonds for clients they represent in criminal cases is protected property interest).

## S U M M A R Y

An attorney who merely advertises that he or she is permitted by law to execute bail bonds for persons he or she actually represents in criminal cases does not violate section 15(g) of the Bail Bond Act, TEX. REV. CIV. STAT. ANN. art. 2372p-3 (Vernon Supp. 1999). Whether a particular advertisement runs afoul of section 15(g) involves questions of fact that cannot be resolved in an attorney general opinion.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General